Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
__Jacksonville__ Division

2019 OCT -7 PM 1:46

Ms. JacQuann Marquis Harvard
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

"See attached"
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. 3:19-CV-1147-J-20PDB
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Ms. Jac'Quann Marquis Harvard
All other names by which you have been known: Jac'Quann Marquis Harvard
ID Number: L66795
Current Institution: Wakulla Correctional Institution - Annex
Address: 110 Melaleuca Drive
Crawfordville, Florida 32327
  City                State        Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: W. Blitch
Job or Title (if known): Captain
Shield Number:
Employer: Government Agency (Fla. Department of Corrections)
Address: P.O. Box 800
Raiford, Florida 32083
  City                State        Zip Code
[✓] Individual capacity   [ ] Official capacity

Defendant No. 2
Name: Kyle Knight
Job or Title (if known): Lieutenant
Shield Number:
Employer: Government Agency (Fla. Department of Corrections)
Address: P.O. Box 800
Raiford, Florida 32083
  City                State        Zip Code
[✓] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
- Name: T. Tomlin
- Job or Title (if known): Lieutenant
- Shield Number:
- Employer: Government Agency (Fla. Department of Corrections)
- Address: P.O. box 800, Raiford, Florida 32083

[✓] Individual capacity   [ ] Official capacity

Defendant No. 4
- Name: Port
- Job or Title (if known): Sergeant
- Shield Number:
- Employer: Government Agency (Fla. Department of Corrections)
- Address: P.O. box 800, Raiford, Florida 32083

[✓] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1.) Plaintiff Constitutional right under 8th Amendment to the U.S. Constitution was violated as she was physically brutalized sadistically and maliciously by state officials.

2.) Plaintiff Constitutional right under 14th Amendment to the U.S. Constitution was violated as she was denied the equal protection of the laws when she was physically brutalized by state officials.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Continuation of the Defendant(s) (Section I. B.)

Defendant No. 5
  Name: Austin Merritt
  Job or Title (if known): Sergeant
  Shield Number: _____
  Employer: Government Agency (Fla. Department Of Corrections)
  Address: P.O. Box 800
    Raiford (city)   Florida (state)   32083 (Zip Code)
  [✓] Individual Capacity   [ ] Official Capacity

Defendant No. 6
  Name: Brett Gillespie
  Job or Title (if known): Sergeant
  Shield Number: _____
  Employer: Government Agency (Fla. Department Of Corrections)
  Address: P.O. Box 800
    Raiford (city)   Florida (state)   32083 (Zip Code)
  [✓] Individual Capacity   [ ] Official Capacity

Defendant No. 7
  Name: Wesley Rogers
  Job or Title (if known): Sergeant
  Shield Number: _____
  Employer: Government Agency (Fla. Department Of Corrections)
  Address: P.O. Box 800
    Raiford (city)   Florida (state)   32083 (Zip Code)
  [✓] Individual Capacity   [ ] Official Capacity

· FIRST CONTINUATION OF PAGE #3 of 11 ·

Continuation of The Defendant(s) (Section I. B.)

Defendant No. B
  Name: T. Reactor
  Job or Title (if Known): Correctional Officer
  Shield Number: _____
  Employer: Government Agency (Fla. Department Of Corrections)
  Address: P.O. Box 800
    Raiford, Florida 32083
    city / state / zip code
  [✓] Individual Capacity   [ ] Official Capacity

· SECOND CONTINUATION OF PAGE #3 of 11 ·

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1.) Defendant, W. Blitch exercised his power possessed by virtue of State (Florida) law and made possible only because Defendant, W. Blitch is clothed with the authority of Florida State law.

2.) Defendant, Kyle Knight exercised his power possessed by virtue of Florida State law and made possible only because Defendant, Kyle Knight is clothed with the authority of Florida State law. (See attached Continuation Page)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☑ Convicted and sentenced state prisoner
☐ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

The events giving rise to the Plaintiff's claim arose at Florida State Prison- Main Unit on Bravo Wing, Second Floor, cell 3 single on 12-19-18 at approximately 10:45AM - 11:30AM.

Continuation Of <u>Section II. D.</u>;

3.) Defendant T. Tomlin exercised his power possessed by virtue of Florida State Law and made possible only because Defendant T. Tomlin is clothed with the authority of Florida State Law.

4.) Defendant Porr misuse of power, possessed by virtue of Florida State Law and made possible only because he (the wrongdoer) is clothed with the authority of State Law is action taken under color of Florida State Law.

5.) Defendant Austin Merrit misuse of power, possessed by virtue of Florida State Law and made possible only because he (the wrongdoer) is clothed with the authority of State Law is action taken under color of Florida State Law.

6.) Defendant Brett Gillespie misuse of power, possessed by virtue of Florida State Law and made possible only because he (the wrongdoer) is clothed with the authority of State Law is action taken under color of Florida State Law.

7.) Defendant Wesley Rogers misuse of power, possessed by virtue of Florida State Law and made possible only because he (the wrongdoer) is clothed with the authority of State Law is action taken under color of Florida State Law.

8.) Defendant T. Reasor misuse of power, possessed by virtue of Florida State Law and made possible only because he (the wrongdoer) is clothed with the authority of State Law is action taken under color of Florida State Law.

· <u>FIRST CONTINUATION OF PAGE # 4</u> of <u>11</u> ·

C. What date and approximate time did the events giving rise to your claim(s) occur?

December 19th, 2018 at approximately 10:00am - 11:30am

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1.) On December 17th, 2018 the Plaintiff started a hunger strike. On December 19th, 2018 at approximately 9:30am - 10:00am the Plaintiff was taken out of her cell (B12B3) to medical. During this time Captain W. Blitch informed the Plaintiff that he was going to use chemical agents on her, then force the cell extraction team on her to teach her a lesson about cutting herself and refusing to walk on his shift (referring to incident occurring on 12-16-18 at approximately 5:30pm).

"See attached Continuation"

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

1.) The Plaintiff was determined by X-ray to have suffered a fractured left wrist.

2.) The Plaintiff was determined by CT scan to have suffered fractured bones around her left eye area.

3.) The Plaintiff suffered excruciating headaches, back pains and blurred vision.

4.) The Plaintiff suffered anxiety, depression and paranoia.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1.) A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

2.) Compensatory damages in the amount of $15,000 against each defendant for the physical brutality imposed on the Plaintiff sadistically and maliciously with the sole intent to cause her harm.

3.) Punitive damages in the amount of $20,000 against each defendant jointly and severally for the physical brutality imposed

"See attached Continuation".

Continuation Of Section IV. D. ;

2.) At approximately 10:45am-11:00am on 12-19-18 the Plaintiff was returned back to her cell (b1203S). Approximately 5 minutes later Captain W. Blitch came to the Plaintiff cellfront and asked her ;" Are You ready ?", then departed. Dr. M. Emanoilidis (Psy. D.") along with mental health professional (" MHP") K. Dahlman came to the Plaintiff cellfront (b12033) where she told them of Captain W. Blitch threats and beginned to inflict harm upon herself. Dr. M. Emanoilidis immediately departed before ordering that the Plaintiff recieve a Emergency Treatment Order (" ETO") shot and be placed on Self- Harm Observation Status (" SHOS"). Dr. M. Emanoilidis returned and told the Plaintiff his disposition and the Plaintiff ceased inflicting harm upon herself. The Plaintiff advised " MHP" A. Dahlman, Captain. W. Blitch, Lieutenants Kyle Knight and T. Tomlin that she wanted to submit to restraints to be escorted to medical to recieve the "ETO" shot and be placed on "SHOS." They all ignored her. " MHP" K. Dahlman stood at the Plaintiff cellfront to observe her as the others departed.

3.) At approximately 11:15 am-11:20 am "MHP" K. Dahlman departed from the Plaintiff cellfront. The cell extraction team (Sergeants Porr, Austin Merrit, Brett Gillespie, Wesley Rogers and Officer T. Reactor) came to the Plaintiff's cellfront. Lieutenants Kyle Knight and T. Tomlin asked the Plaintiff to submit to restraints. The Plaintiff advised of her desire to submit. Lieutenant T. Tomlin winked his eye at the Plaintiff before Lieutenant Kyle Knight ordered that the cell door be opened for the cell extraction team to enter the Plaintiff cell.

4.) The Plaintiff seen that the cell extraction team was about to be forced on her, so she laid on the floor chest first with her hands behind her back. Team member 1 (Sergeant Porr) threw the body shield aside and beginned to twist the Plaintiff left wrist. Team member 2 (Sergeant Austin Merrit) got on the Plaintiff right side and beginned to punch her on the side of her head as Team member 3 (Sergeant Brett Gillespie) grabbed the Plaintiff around the neck and banged her head on the concrete floor as Team member 4 (Sergeant Wesley Rogers) and Team member 5 (Officer T. Reactor) blocked the use of force camera and Yelled ;" Stop Resisting !" Captain W. Blitch. Lieutenants Kyle Knight and T. Tomlin watched this Physical brutality and Yelled ;" Stop Resisting !" when the Plaintiff wasn't resisting.

5.) Restraints was then placed on the Plaintiff and she was taken to the medical emergency room to recieve a Post Use- Of- Force examination where strips were glued to close the open gashes on her left eyebrow area, the middle of her forehead and the "ETO" shot was then administered. Captain W. Blitch then told the Plaintiff ;" I told You that I was Gonna Get You!" The Plaintiff was then placed on "SHOS."

· FIRST CONTINUATION OF PAGES 5 of 11 ·

Continuation Of <u>Section IV.D.</u>;

e.) On 12-20-19 the Plaintiff was transported to Jacksonville Memorial Hospital for a blood transfusion. The Plaintiff complained about her swollen left wrist and her swollen left eyebrow area. A X-ray was taken of the Plaintiff's left wrist where it was determined to be fractured and a splint was placed on it. A CT Scan was conducted of the Plaintiff head and face, where it was determined that the Plaintiff suffered fractured bones around her eye.

Continuation Of <u>Relief (Section VI.)</u>;

on the Plaintiff sadistically and maliciously to cause her harm.

4.) $10,000 against each defendant Jointly and Severally for the mental and emotional injuries sustained as a result of the Plaintiff's beating.

5.) A Jury trial on all issues triable by Jury.

6.) Plaintiff's Costs in this suit.

7.) Any additional relief that this court deems Just, Proper, and Equitable.

· <u>SECOND CONTINUATION OF PAGE #5 of 11</u> ·

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Florida State Prison - Main Unit

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

Florida State Prison (main unit) to Florida DOC Secretary

2. What did you claim in your grievance?

Cell extraction team was forced and I was physically brutalized

3. What was the result, if any?

None

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

File grievance directly to Secretary of Department, highest level of the grievance process.

F.  If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here:

   _____

   2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   _____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   _____

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?

   ☐ Yes

   ☐ No

   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Jac'Quann Marquis Harvard
   Defendant(s) John Henudry

2. Court *(if federal court, name the district; if state court, name the county and State)*

   U.S. District Court - Northern District (Pensacola Division)

3. Docket or index number
   3:12CV289/LRC/CJK

4. Name of Judge assigned to your case
   ~~illegible~~ unknown

5. Approximate date of filing lawsuit
   June 2012

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   August 2014

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Defendant won summary judgment. No appeal was filed

Continuation of Previous Lawsuits (Section VIII.)(D.);

1.) Parties to the previous lawsuit
    Plaintiff(s) Tae'Quann Marquis Harvard
    Defendant(s) Jeffrey Rackard and C. Hayes

2.) Court (if federal court, name the district ; if state court, name the county and state)
    U.S. District Court - Middle District of Florida (Jacksonville Division)

3.) Docket or Index Number
    3:16CV1322-J-25PDB

4.) Name of Judge assigned to your case
    Patricia D. Barksdale

5.) Approximate date of filing lawsuit
    October 20th, 2016

6.) Is this case still pending?

   ☑ Yes

   ☐ No

· FIRST CONTINUATION OF PAGE #10 of 11 ·

Continuation of previous Lawsuits (Section VIII. D.):

1.) Parties to Previous lawsuit
Plaintiff(s) Jae'Quann (ADMIRE) Harvard; J.H., a minor, by and through his Parent and natural Guardian, Valentine Robinson; Angel Meddler; Juan Espinosa; Jerome Burgess (a/k/a Shanila MOD ALLAH); James W. Kendrick, JR. and Johnny Hill
Defendant(s) Mark Inch and Florida Department Of Corrections

2.) Court (if federal court, name the district; if state court, name the county and state)
U.S. District Court - Northern District (Tallahassee Division)

3.) Docket or Index Number
4:19CV212/MW/CAS

4.) Name of Judge assigned to your case
M. Walker

5.) Approximate date of filing ~~said~~ lawsuit
5/8/2019

6.) Is the case still pending?
☑ Yes
☐ No

· SECOND CONTINUATION OF PAGE #10 of 11 ·

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/12/2019

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Ms. Jacquann Marquis Harvard
Prison Identification #: L66795
Prison Address: Wakulla C.I. (Annex) - 110 Melaleuca Drive
Crawfordville,  Florida  32327
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
_____
City / State / Zip Code

Telephone Number: _____
E-mail Address: _____