# UNITED STATES DISTRICT COURT
# MIDDLE DISTRCT OF FLORIDA
# JACKSONVILLE DIVISION

JAC'QUANN HARVARD,

    Plaintiff,

vs.

MARK S. INCH, et al.,

    Defendants.

Case No. 3:19cv1147-HES-PDB

### **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Inch, Blitch, Merritt, Knight, Reagor, Rogers, Porr, Gillespie, and Tomlin submit the following reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (147) and state:

1. In Plaintiff's response to Defendants' Motion for Summary Judgment, Plaintiff recites certain facts as being statements of material facts in the case and cites Defendants' Exhibits to justify the existence of the facts. (Doc. 147, pp2-3.) Those facts might be contained in Defendants' Exhibits; however, they were not raised in Plaintiff's Amended Complaint; which, more likely than not, is why Plaintiff pointed to the Defendants' Exhibits for the existence of the

1

facts and not to Plaintiff's Amended Complaint.

2. Plaintiff goes on to state that Plaintiff grieved her placement into close management and the use of excessive force for chemical agents, claims not raised in the Amended Complaint. (Doc. 147, p3). Review of Plaintiff's Amended Complaint and the facts contain therein reveal that these were not claims raised in Plaintiff's Amended Complaint. (Doc. 11). Plaintiff's Amended Complaint raises the issues of a cell extraction excessive force. Plaintiff's Amended Complaint does not contain facts relating to a chemical agents excessive force or Plaintiff's placement in close management. (Id.)

3. Under the PLRA, the Plaintiff has to exhaust her administrative remedies for the claims raised in the complaint. "A prisoner must exhaust his administrative remedies as to each claim and each party set forth in his complaint." Rodriguez v. Inch, No. 4:19CV191-RH-HTC, 2020 WL 3052517, at *6 (N.D. Fla. May 6, 2020), report and recommendation adopted, No. 4:19CV191-RH-HTC, 2020 WL 3050231 (N.D. Fla. June 8, 2020) (citing Martinez v. Minnis, 257 F. App'x 261, 265 (11th Cir. 2007) n. 5 (11th Cir 2007)); see also Vandiver v. Martin, 48 F. App'x 517, 519 (6th Cir. 2002) ("The exhaustion requirement would be defeated if an inmate were

permitted to raise additional issues and name additional defendants in a § 1983 action that were never mentioned in the grievance.").

4. Exhausting claims not raised in the Amended Complaint but contained in Defendants' Exhibits, does not mean that Plaintiff exhausted her administrative remedies. Additionally, a Plaintiff cannot raise a new unrelated issue at summary judgment stage. <u>Chaney v. United States</u>, 658 F. App'x 984, 988 (11th Cir. 2016).

5. Therefore, Defendants request for the reasons stated in their Motion for Summary Judgment that the Court dismiss Plaintiff's Amended complaint.

Respectfully Submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

/s/ Shirley Wilson Durham
Shirley Wilson Durham
Senior Assistant Attorney General
Florida Bar No.: 0993204
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (904) 456-6572
Facsimile: (904) 858-6983
Shirley.durham@myfloridalegal.com

## **CERTIFICATE OF SERVICE**

We electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, the foregoing was served to: James V. Cook, Esq., Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301 on May 18, 2022.

>/s/ Shirley Wilson Durham
>Shirley Wilson Durham
>Senior Assistant Attorney General